**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Quetin Monday,**

        Plaintiff,                      Case No. 2:22-cv-41

     v.                                Judge Michael H. Watson

**White Hawk Retail Services, LLC,**      Magistrate Judge Deavers

        **Defendant.**

**OPINION AND ORDER**

The parties move for approval of their settlement in this Fair Labor Standards Act ("FLSA") case. ECF No. 49. No collective has yet been certified. As part of the proposed notice process, the settlement administrator would send the putative collective members a settlement check that would include the following statement:

> I acknowledge that I have read the Notice of Settlement ("Notice") and understand that by endorsing this check, I agree to participate, or opt-in to, in the settlement of the lawsuit entitled *Monday v. White Hawk Retail Services, LLS, et al.*, Case No. 2:22-cv-00041-MHW-EPD (S.D. Ohio), and release the wage and hour claims described in the Notice.

Settlement Agreement § III(C)(vii), ECF No. 49-2.

From a review of the Settlement Agreement and accompanying motion, it appears that the parties propose that *solely* by negotiating this check, a putative plaintiff would become an opt-in party plaintiff in this action. See generally, ECF No. 49. As another court in this Circuit has recently explained, the "FLSA requires that, to opt into a collective action, an individual must file a written consent with the Court." *O'Bryant v. ABC Phones of N. Carolina, Inc.*, No. 2:19-CV-02378, 2020 WL 4493157, at *10 (W.D. Tenn. Aug. 4, 2020) (internal citation omitted). Granted, the

statute "does not specify" what form the written consent must take. *Id.* (citation omitted). However, "multiple courts have found that cashing a check cannot satisfy § 216(b)'s opt-in mandate." *Id.* (collecting cases). Further, whatever form the written consent takes, it must be filed on the docket. *Id.* In other words, "[n]o employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

From a review of the Settlement Agreement, the proposed opt-in procedure of negotiating a check does not meet the requirements of 216(b). The proposed procedure does not require putative plaintiffs to submit written consent nor does it require that such consents be filed on the docket. See generally, ECF No. 49. Accordingly, the motion for settlement approval, ECF No. 49 is **DENIED WITHOUT PREJUDICE**. Should the parties move again for approval of an amended settlement agreement, they are encouraged to consider *O'Bryant*'s discussion of the FLSA's notice requirements and the proper timing of a dismissal, and to ensure that any proposed settlement comports with the same. *See also Lopez v. Silfex, Inc.*, No. 3:21-CV-61, 2021 WL 5795280, at *11 (S.D. Ohio Dec. 3, 2021) (discussing the appropriate timing for dismissing an FLSA case following settlement).

The Clerk shall terminate ECF No. 49.

**IT IS SO ORDERED.**

_Michael H. Watson_
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT