UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Quetin Monday,

    Plaintiff,

v.

White Hawk Retail Services, LLC,

    Defendant.

Case No. 2:22-cv-41

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Quetin Monday ("Representative Plaintiff") sued White Hawk Retail Services, LLC and Falcon Retail Services, LLC (collectively "Defendants") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Amend. Compl., ECF No. 12. Representative Plaintiff alleged that Defendant failed to properly pay Representative Plaintiff and other similarly situated individuals because Defendant misclassified them as independent contractors. *Id.* The Court has not yet conditionally certified a class. *See generally*, docket. However, multiple opt-in plaintiffs have already joined the action, and the parties propose to settle on a collective basis. They expect that approximately 850 individuals will be eligible to participate in the settlement. *See, e.g.*, Consents to Join, ECF Nos. 3 & 43; Mot. 3, ECF No. 55-1. The parties have settled the FLSA claims, have dismissed the state law claims, and move for approval of their settlement agreement. Mot., ECF No. 55.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: "(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement." *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees

and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case, as the parties dispute, *inter alia*, whether Defendants misclassified Representative Plaintiff and others similarly situated as independent contractors. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including possible class certification motions, remaining discovery, dispositive motions, trial, and possible appeals. Further, the parties represent that they engaged in substantial informal discovery and, therefore, have had the opportunity to consider their respective likelihoods of success.

The total settlement amount is $425,000.00. Settlement Agreement ¶ III.A, ECF No. 35-1. From this amount, each individual settlement payment will include a flat $25 payment and a pro rata share of the remaining settlement fund based on the number of workweeks worked in the relevant period. *Id.* ¶ III.D.b. The parties do not indicate what percentage of the alleged unpaid wages and liquidated damages these payments cover. However, a review of the filings in this case indicates that these payments cover a fair and reasonable portion of the possible alleged damages. Representative Plaintiff and Opt-In Plaintiff Temarcus

Jenkins will each receive a $5,000 service award in addition to their individual payment. *Id.* ¶ III.B.a.

These payments are reasonable. *See Vigna*, 2016 WL 7034237, at *2–4 (approving a settlement that represented approximately 55% of allegedly owed wages); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorney's fees and costs in the amount of $150,000.00—representing approximately 35% of the total settlement amount—are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District.").

The parties' joint motion, ECF No. 55, is **GRANTED**, including its request for attorney's fees and costs, to settle Plaintiffs' FLSA claims. The settlement agreement and proposed notice and claim forms are **APPROVED**. The Court **DISMISSES** the case **WITH PREJUDICE** but retains jurisdiction to enforce the terms of the settlement agreement. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**